**United States District Court**
**For the Northern District of California**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH MOORE LAUGHLIN, Individually and on behalf of all others Similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>VMware, Inc.,<br>                Defendant. | Case No.: 5: 11-CV-00530 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS; ORDER DENYING MOTION TO DISMISS**<br><br>**(Re: Docket No. 28)** |

## I.     FACTUAL AND PROCEDURAL BACKGROUND

*This Action*

Defendant VMware, Inc. ("VMware") is a software company based in Palo Alto, California. See Complaint, Docket Item No. 1, at ¶ 11.  Plaintiff Elizabeth Moore Laughlin was employed by Defendant as a technical trainer in Texas. Id. at ¶ 3.  Plaintiff alleges that she and other putative class members were misclassified as exempt employees and did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. Id. at ¶ 12-13.

On February 3, 2011, Plaintiff filed the Complaint underlying this action for: (1) violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and (2) California Business and Professions Code § 17200 et seq.  In addition to monetary damages, Plaintiff seeks attorney's fees and costs pursuant to 29 U.S.C. § 216(b).  Plaintiff brings both individual and class claims.

*This Motion*

Defendant filed the instant motion on October 4, 2011, seeking an order compelling Plaintiff to submit her claims to arbitration in accordance with the "Employment Agreement;

1

Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

VMware, Inc. Employment, Confidential Information and Invention Assignment Agreement" (the "Employment Agreement").  Additionally, Defendant filed a Motion to Dismiss and Motion to Strike on April 25, 2011, seeking an order to dismiss Plaintiff's claim for relief under California Business and Professions Code § 17200 et seq., and dismiss or strike the class definition.  See Docket Item No. 17.

The Employment Agreement is a 5-page document signed by Plaintiff on April 13, 2004 "as a condition of" her employment with Defendant.  See Decl. of Amy Gannaway Ex. A at 2, 6, Docket Item No. 28-3.  The Employment Agreement includes the following statement:

> I agree that any dispute or controversy arising out of or relating to any interpretation, construction, performance, or breach of this Agreement, shall be settled by arbitration to be held in Santa Clara County, California, in accordance with the rules then in effect of the American Arbitration Association.  The arbitrator may grant injunctions or other relief in such dispute or controversy.  The decision of the arbitrator shall be final, conclusive, and binding on the parties to the arbitration.  Judgment may be entered on the arbitrator's decision in any court having jurisdiction.  The Company and I shall each pay one-half of the costs and expenses of such arbitration, and each of us shall separately pay our counsel fees and expenses.

See id.

## II.   LEGAL STANDARD

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., a written arbitration agreement is "valid, irrevocable, and enforceable" and, upon the request of either party to the agreement, a court may compel arbitration "in accordance with the terms of the agreement."  9 U.S.C. §§ 2-4.  When such a request is made, the court is limited to deciding "(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue."  Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting Chiron Corp v. Ortho Diagnostic Sys., Inc., 207 F. 3d 1126, 1131 (9th Cir. 2000)).[1]

---

[1] The Supreme Court has identified two types of contract-based challenges to the validity of arbitration agreements: "[o]ne type challenges specifically the validity of the agreement to arbitrate . . . [and][t]he other challenges the contract as a whole, either on a ground that directly affects the entire agreement . . . or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid."  Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 444 (2006).  Challenges to the contract's validity are first considered by the arbitrator.  Id.  If, however, "the crux of the complaint is . . . the arbitration provision itself, then the federal courts . . . must decide

2

Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

While there exists a general public policy favoring the enforcement of arbitration agreements, section 2 of the FAA provides that arbitration clauses may be invalidated based "upon the same grounds as exist in law or in equity for the revocation of any contract," such as fraud, duress or unconscionability. 9 U.S.C. § 2; Rent-A-Center, West, Inc. v. Jackson, __ U.S. ___, 130 S. Ct. 2772, 2776 (2010); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). The court applies ordinary state-law principles governing the formation of contracts to carry out this task. Davis v. O'Melveny & Myers, 485 F.3d 1066, 1072 (9th Cir. 2007). Moreover, a motion to compel arbitration should be denied if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Techs., Inc. v. Commc'n Workers, 475 U.S. 643, 650 (1986) (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960)). However, the Court notes that doubts should be resolved in favor of arbitration, and "[i]n the absences of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." AT&T Techs., 475 U.S. at 650.

### III.   DISCUSSION

As indicated above, Plaintiff signed the Employment Agreement, which contained a requirement to resolve disputes "arising out of or relating to" the agreement through arbitration. Defendant now moves this court to compel Plaintiff to arbitrate her claims. Plaintiff argues, inter alia, that the Employment Agreement is procedurally and substantially unconscionable and, therefore, unenforceable. Additionally, Plaintiff argues that the arbitration agreement does not encompass the dispute at issue.

To assess the validity of the arbitration clause, the court turns to state law. The court here applies California state law because Defendant's headquarters are in Palo Alto, California and the Employment Agreement specifies that "[t]his Agreement will be governed by the laws of the State of California as they apply to contracts . . . ." See Docket Item No. 28-3 at 6. "Under California law, a contractual clause is unenforceable if it is both procedurally and substantively

---

whether the arbitration provision is invalid and unenforceable . . . ." Cox, 533 F.3d at 1119 (quoting Davis v. O'Melveny & Myers, 485 F.3d 1066, 1072 (9th Cir.2007)).

3

Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

unconscionable." Davis, 485 F.3d at 1072. Procedural unconscionability focuses on oppression or surprise due to unequal bargaining power, while substantive unconscionability focuses on overly-harsh or one-sided results. Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1532 (1997). While both types of unconscionability must be present in order for a court to find a contract unenforceable, it is not necessary that they be present in the same degree. Davis, 485 F.3d at 1072. For this reason, "[c]ourts apply a sliding scale: 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" Id. (quoting Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114, 99 Cal. Rptr. 2d 745, 767 (2000)). Furthermore, "a claim of unconscionability often cannot be determined merely by examining the face of the contract, but will require inquiry into its setting, purpose, and effect." Perdue v. Crocker Nat'l Bank, 38 Cal. 3d 913, 926 (1985).

The court determines that AT&T Mobility LLC v. Concepcion, __ U.S. ___, 131 S. Ct. 1740 (2011), does not preclude a finding of unconscionability. In Concepcion, the Supreme Court held that the rule created by the California Supreme Court in Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005), was pre-empted by the FAA. Concepcion, 131 S. Ct. at 1748. In Discover Bank, the California Supreme Court held that an arbitration agreement that is part of a consumer contract and that contains a class-action waiver is, as a general matter, unconscionable. The Supreme Court, while holding that requiring the availability of class-wide arbitration interferes with fundamental attributes of arbitration, acknowledged that the doctrine of unconscionability remains an operative basis for invalidating arbitration agreements under the express language of the FAA. Id. at 1746-48.

Defendant argues that rules unique to arbitration agreements, and in particular employment agreements, run afoul of the FAA. However, the Supreme Court concluded that, under Concepcion, a rule is inconsistent with the FAA if it interferes with "fundamental attributes" of arbitration.[2] Id. at 1748.

---

[2] The Supreme Court also noted that a court "may not 'rely upon the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable . . . .'"

4

Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

After Concepcion, courts in California continue to use the procedural and substantive unconscionability analysis for arbitration agreements. See Sanchez v. Valencia Holding Co., LLC, 201 Cal. App. 4th 74, 2011 WL 5865694, at *7-8 (Nov. 23, 2011); Chavarria v. Ralphs Grocer Co., No. CV 11-02109 DDP, 2011 WL 4104856, at *6-8 (C.D. Cal. Sept. 15, 2011); Mission Viejo Emergency Med. Associates v. Beta Healthcare Group, 197 Cal. App. 4th 1146, 1158-59, 128 Cal. Rptr. 3d 330 (2011). This court recently held unconscionable an arbitration agreement that exempted the employer from arbitration, among other unconscionable provisions. Kanbar v. O'Melveny & Myers, __ F. Supp. 2d ___, 2011 WL 2940690 (N.D. Cal. July 21, 2011).

**A. Procedural Unconscionability**

For procedural unconscionability, the court first "focuses on whether the contract was one of adhesion." Soltani v. W. & S. Life Ins. Co., 258 F.3d 1038, 1042 (9th Cir. 2001); Armendariz, 24 Cal. 4th at 113.[3] An adhesion contract is a standardized contract which is imposed on a party of weaker bargaining strength on a take-it or leave-it basis. Armendariz, 24 Cal. 4th at 113. "Was it 'imposed on employees as a condition of employment'? Was there 'an opportunity to negotiate'?" Soltani, 258 F.3d at 1042 (quoting Armendariz, 24 Cal. 4th at 115). "[W]hen a party who enjoys greater bargaining power than another party presents the weaker party with a contract without meaningful opportunity to negotiate, oppression and, therefore, procedural unconscionability, are present." Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1172 (9th Cir. 2003).

Procedural unconscionability also includes "the manner in which the contract was negotiated and the circumstances of the parties at that time," and as such focuses on whether the agreement was obtained through oppression and surprise. Soltani, 258 F.3d at 1042 (quoting Kinney v. United Healthcare Servs., Inc., 70 Cal. App. 4th 1322, 1327, 83 Cal. Rptr. 2d 348, 352

---

Concepcion, 131 S. Ct. at 1747 (quoting Perry v. Thomas, 482 U.S. 483 (1987)). However, this is nothing new, as the same is true of Lagatree v. Luce, Forward, Hamilton & Scripps, LLP, 74 Cal. App. 4th 1105, 1119, 88 Cal. Rptr. 2d 664, 675 (1999) and Bradley v. Harris Research, Inc., 275 F.3d 884, 889-90 (9th Cir. 2001), which recognize that an arbitration agreement can be invalidated based on traditional principles of contract revocation, but not based on rules that rely on the uniqueness of arbitration agreements.

[3] It should be noted that the California courts have determined that adhesion is not a prerequisite for a finding of unconscionability. See Harper v. Ultimo, 113 Cal. App. 4th 1402, 1409, 7 Cal. Rptr. 3d 418, 424 (2003).

5
Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

(1999)). "Oppression" arises from inequality of bargaining power, resulting in no real negotiation. A & M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 486 (1982). "Surprise" involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms. Id.

In Martinez v. Master Protection Corp., 118 Cal. App. 4th 107, 12 Cal. Rptr. 3d 663 (2004), Martinez was required to sign an arbitration agreement as a condition of his employment with Master Protection Corporation, doing business as FireMaster. After Martinez appealed the trial court's order granting Master Protection Corporation's motion to compel arbitration, the Court of Appeal found the arbitration agreement procedurally unconscionable. Id. at 114. The court stated, "[i]t is undisputed that Martinez was required to execute the arbitration agreement as a prerequisite of his employment . . . . No evidence indicates that Martinez had any opportunity to negotiate or refuse to sign the arbitration agreement." Id. As such, and because Martinez was told he could not work without signing the document, the court found the arbitration agreement was "clearly adhesive and procedurally unconscionable." Id. Similarly, in Armendariz, the court found that the arbitration agreement in question was adhesive because it was imposed on employees as a condition of employment and there was no opportunity for them to negotiate. Id., 24 Cal. 4th 83.

In the present case, Plaintiff, like Martinez and Armendariz, signed the pre-printed Employment Agreement "as a condition of [her] employment." See Docket Item No. 28-3 at 2. The Employment Agreement was not tailored to include Plaintiff's name nor did it describe her employment. Plaintiff contends that she was not given time to review the Employment Agreement, nor an opportunity to negotiate its terms.[4]  See Decl. of Elizabeth Laughlin & Exhibit Thereto at 2, Docket Item No. 32-1. Plaintiff had to sign the Employment Agreement before she could begin her employment. Id. Moreover, Defendant is a national corporation with stronger bargaining strength than Plaintiff, thus leading to unequal bargaining power between the parties to the agreement.

Defendant contends that Plaintiff was sent the Employment Agreement before she began her employment, along with an Offer Letter. See Decl. of Greg Harano, Docket Item No. 33-1.

---

[4] Plaintiff's declaration states, "I was not given the opportunity to discuss the terms of the Employment Agreement with my attorney."

6

Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

The Offer Letter sent by Defendant to Plaintiff, dated April 6, 2004, states, "[o]n your first day of employment you will be asked to . . . sign our Employment Agreement. You will be expected to sign and comply with an Employment, Confidential Information, and Invention Assignment Agreement . . . ." See Decl. of Greg Harano Ex. B at 2, Docket Item No. 33-2. Plaintiff signed the Offer Letter on April 7, 2004. Id. at 3. Although Defendant mentions these as defenses to unconscionability, it is of no consequence that Plaintiff could have refused to sign the Employment Agreement nor does it matter whether she was employed at the time she received the Offer Letter. "The availability of alternative business opportunities does not preclude a finding of procedural unconscionability under California law. Pokorny v. Quixtar, Inc., 601 F.3d 987, 997 (9th Cir. 2010).

Accordingly, because the Employment Agreement is an adhesion contract imposed by Defendants as a condition of employment without providing Plaintiff an opportunity to negotiate or refuse to sign the agreement, the court finds that it is procedurally unconscionable.

### B. Substantive Unconscionability

Substantive unconscionability focuses on contract terms that are "overly harsh" or "one-sided." Armendariz, 24 Cal. 4th at 114 (quoting A & M Produce, 135 Cal. App. 3d at 487). "[M]utuality is the 'paramount' consideration when assessing substantive unconscionability." Pokorny, 601 F.3d at 997-98 (quoting Abramson v. Juniper Networks, Inc., 115 Cal. App. 4th 638, 657, 9 Cal. Rptr. 3d 422, 436 (2004)).

Plaintiff argues that the provisions in the Employment Agreement relating to cost-splitting, attorney fees, and choice of forum are substantively unconscionable. The court finds that two of the three provisions are substantively unconscionable for the reasons below.

#### 1. Cost-Splitting

The Employment Agreement requires the parties to share the costs and expenses of arbitration and does not specifically authorize an arbitrator to alter this allocation.

The Ninth Circuit has held that under California law a cost provision requiring the complaining employee to split arbitration fees with employer "would render an arbitration

7

Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

agreement unenforceable." Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 894 (9th Cir. 2002). In Chavarria, 2011 WL 4104856, at *8, the district court found that a fifty-fifty fee split for arbitration fees creates "a substantial economic barrier to justice" and therefore rendered the arbitration agreement unconscionable.

Accordingly, the court finds the cost-splitting provision in the Employment Agreement unconscionable.

### 2. Attorney's Fees

In addition to the cost-splitting provision, the Employment Agreement requires Plaintiff to "separately pay [her] counsel fees and expenses" and does not give the arbitrator authority to alter this provision. Under basic contract principles, the court construes the contract in a way that gives effect to all its terms. Cal. Civ. Code, § 1641. The contract must be read to avoid rendering any clause nugatory, inoperative or meaningless. Cal. Civ. Code § 1858; Ratcliff Architects v. Vanir Constr. Mgmt, Inc., 88 Cal. App. 4th 595, 602 (2001). Because Defendant explicitly included a provision in the Employment Agreement that requires each party to separately pay attorney's fees, and this provision is included in the section of the agreement concerning arbitration, the court must construe this provision to mean something other than a reiteration of the default rule of the American system of litigation, by which each party pays his or her attorney's fees. As such, this provision regarding attorney's fees would be superfluous unless the court construes it to mean that Plaintiff must pay her own attorney's fees and expenses incurred during arbitration.

"[T]he arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court." Armendariz, 24 Cal. 4th at 110-11. Plaintiff's claims, which are based on the Fair Labor Standards Act, include one-way fee shifting provisions that benefit prevailing employees, but not employers. See 29 U.S.C. § 216(b). As such, if Plaintiff prevailed on her claims in court, she would be awarded attorney's fees. However, the Employment Agreement prevents Plaintiff from recovering attorney's fees from Defendant in arbitration, even if she succeeds on her claims.

Accordingly, the court finds the provision regarding attorney's fees unconscionable.

8

Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

### 3. Choice of Forum

Where an arbitration agreement is at issue, "the agreement is unconscionable unless the arbitration remedy contains a 'modicum of bilaterality.'" Chavarria, 2011 WL 4104856, at *6 (quoting Ting v. AT&T, 319 F.3d 1126, 1149 (9th Cir. 2003)). It is "unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee, without at least some reasonable justification . . . based on 'business realities.'" Armendariz, 24 Cal. 4th at 117.

The Employment Agreement specifies that Plaintiff must use arbitration for any dispute arising out of or relating to the agreement. Defendant, however, reserves the right "to obtain an injunction from a court of competent jurisdiction . . ." with regards to specific breaches. Because the provision relates only to breaches of Defendant's intellectual property, Defendant has a reasonable justification to seek an injunction from a court of law.[5] Defendant notes that without the ability to restrain breaches of intellectual property, subsequent arbitration could be rendered meaningless.

Accordingly, the court finds the provision regarding choice of forum reasonably justified by a business purpose, and therefore not so unfairly one-sided as to be deemed unconscionable.

On the whole, considering both the procedural and substantive unconscionability, the arbitration agreement in the Employment Agreement is unconscionable under California law. This finding is not at odds with the FAA.

### C. Severability

Defendant contends that it might be possible to sever certain unconscionable provisions of the Employment Agreement so as to render the rest of the agreement enforceable. See Cal. Civ. Code § 1670.5(a). "The question is whether the offending . . . clauses are 'collateral' to the main purpose of the arbitration agreement" or whether the Employment Agreement is "'permeated' by unconscionability." Davis, 485 F.3d at 1084.

---

[5] The Employment Agreement specifies that for breaches of Sections 2, 3, and 5, Defendant has the right to obtain an injunction from a court to restrain such breach and to specific performance. Section 2 deals with confidential information, Section 3 deals with inventions, and Section 5 addresses solicitation of employees.

9

Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

In <u>Armendariz</u>, the court concluded that the arbitration agreement was unconscionable and severance was not possible because the agreement had multiple unlawful provisions, indicating "a systematic effort to impose arbitration on an employee . . . as an inferior forum that works to the employer's advantage." <u>Id.</u>, Cal. 4th at 124. Similarly, in <u>Davis</u>, the Ninth Circuit concluded that severance was not possible when the agreement was procedurally unconscionable and had four substantively unconscionable provisions which could not be stricken without "gutting the agreement." <u>Id.</u>, 485 F.3d 1066.

In contrast to <u>Armendariz</u> and <u>Davis</u>, this court does not find that the Employment Agreement's defects indicate a systematic effort to disadvantage Plaintiff. In <u>Grabowski v. Robinson</u>, 2011 WL 4353998 (S.D. Cal. Sept. 19, 2011), the court concluded that three substantively unconscionable provisions (including an attorney's fees provision) could be severed from an arbitration agreement which was not "permeated by unconscionability," thus rendering the agreement enforceable. <u>Id.</u> at *18. Defendant concedes that the challenged provisions are not "so intertwined with the substantive portions of the arbitration clause" and notes that they can be "severed or modified without eviscerating the central purpose of the Agreement." <u>See</u> Reply in Support of Motion to Compel Arbitration and to Dismiss or in the Alternative, Stay Proceedings, Docket Item No. 33, at 13.

Accordingly, the court finds that the substantively unconscionable provisions regarding cost-splitting and attorney's fees may be severed from the agreement. The two substantively unconscionable provisions, discussed above, are severed from the arbitration agreement pursuant to California Civil Code § 1670.5.

The court finds that, after the substantively unconscionable provisions are severed, the arbitration agreement is enforceable.

**D. Scope of Arbitration Clause**

The arbitration provision in the Employment Agreement states that "any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration . . . ." <u>See</u> Docket Item No. 28-3, at 5. Defendant

10
Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

argues that Plaintiff's claims fall under the scope of the Employment Agreement because the claims relate to her employment and the Employment Agreement was signed "as a condition of [her] employment" and "in consideration of [her] employment with the Company and [her] receipt of the compensation now and hereafter paid . . . ." Id. at 2. Furthermore, Defendant claims that the arbitration clause employs extremely broad language which is meant to be all-inclusive and establishes an intent to include any and all disputes between the parties, not just claims addressing the terms of the contract.

Plaintiff's claims under FLSA and California Business and Professions Code are clearly related to her employment with Defendant, however Plaintiff contends that her claims do not relate to the Employment Agreement itself and are therefore not covered by the arbitration agreement. While the Employment Agreement does not mention Plaintiff's name, job title, duties or salary, Plaintiff originally received the Employment Agreement attached to her Offer Letter from Defendant. The Offer Letter was addressed to Plaintiff and included her job title and annual salary. See Docket Item No. 33-2, at 2. Plaintiff knew she had to sign the Employment Agreement on the first day of work and the agreement clearly states that it must be signed "as a condition of" employment. These facts lead to the conclusion that claims arising from the employment relationship between Plaintiff and Defendant arise out of and relate to the Employment Agreement.

Moreover, similar language as that used in the Employment Agreement has been equated with the most inclusive type of language possible in arbitration clauses. Bono v. David, 147 Cal. App. 4th 1055, 1067, 54 Cal. Rptr. 3d 837, 845 (2007) (noting that a broad clause includes language such as "any claim arising from or related to this agreement . . . ."); see also eFund Capital Partners v. Pless, 150 Cal. App. 4th 1311, 1322 (2007) ("[t]he language 'any dispute or other disagreement' extends beyond contract claims to encompass tort causes of action."); Shanghain Freeman Lifescience v. ABC-Amega, No. G041471, 2010 WL 1612208, at *4 (Cal. Ct. App. April 22, 2010) (interpreting a broad arbitration clause to cover any legal liabilities between the parties that "have their roots in the relationship between the parties which was created by the contract."); Hopkins & Carley, ALC v. Elite, 2011 WL 1327359, at *5 (N.D. Cal. April 6, 2011).

11

Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS

Finally, any doubt with respect to whether a controversy falls within an arbitration agreement should be resolved in favor of arbitration. See Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25.

Accordingly, the court finds that the current dispute relating to Plaintiff's employment is covered by the arbitration clause. Any further decisions regarding the scope of arbitration, including whether class arbitration may proceed, are left to the arbitrator.

## IV. CONCLUSION

For the foregoing reasons, the court concludes that, with respect to the claims asserted by Plaintiff, the arbitration clause of the Employment Agreement is both procedurally and substantively unconscionable. However, the substantively unconscionable provisions may be severed, thus rendering the arbitration clause enforceable. Plaintiff's claims under FLSA and California Business and Professions Code fall under the scope of the Employment Agreement and, as such, shall be submitted for arbitration.

Accordingly, Defendant's motion to compel arbitration is GRANTED. The arbitration will proceed without regard to the two provisions found unconscionable herein. This action is STAYED, and the Clerk shall administratively close this case. Either party may petition to reopen the case should appropriate circumstances arise.

IT IS FURTHER ORDERED that Defendant's motion to dismiss is denied, as it is rendered moot by the current order.

IT IS SO ORDERED

Dated: February 1, 2012

_____
EDWARD J. DAVILA
United States District Judge

12
Case No.: 5: 11-CV-00530 EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY; ORDER DENYING MOTION TO DISMISS