UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH MOORE LAUGHLIN, | Case No.: 5:11-CV-00530-EJD |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD; DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD** |
| v. | |
| VMWARE, INC., | |
| Defendant. | **[Re: Docket Nos. 45, 47]** |

Presently before the Court are two motions: Plaintiff Elizabeth Moore Laughlin's ("Plaintiff") Motion to Reopen and to Confirm an Arbitration Award and Defendant VMWare, Inc.'s ("Defendant") Cross-Motion to Vacate the Award on Clause Construction. Pursuant to Local Civil Rule 7–1(b), the Court had concluded that this matter is appropriate for determination without oral argument. Having reviewed the relevant portions of the record, the Court will deny the relief sought by Defendant, and will grant Plaintiff's motion.

### I.   Background

On February 3, 2011, Plaintiff, a former employee of Defendant, filed a class action suit on behalf of herself and other similarly situated employees. See Compl., Docket Item No. 1. Plaintiff

1

Case No.: 5:11-CV-00530-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD;
DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD

has alleged that Defendant had failed to pay her and other class members overtime compensation or benefits as required by federal and state law. See id. Plaintiff's employment was governed by an Employee Agreement, which was executed by the parties in 2004. Decl. of Michael A. Aparicio in Supp. of Def.'s Mot. to Vacate, Ex. A.

On October 4, 2011, Defendant filed a Motion to Compel Arbitration based on the following arbitration clause from the Employee Agreement:

> Except as provided in Section 7(b) below, I agree that any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in Santa Clara County, California, in accordance with the rules then in effect of the American Arbitration Association. The arbitrator may grant injunctions or other relief in such dispute or controversy. The decision of the arbitrator shall be final, conclusive and binding on the parties to the arbitration. Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The Company and I shall each pay one half of the costs and expenses of such arbitration, and each of us shall separately pay our counsel fees and expenses.

Id. § VII.a. This Court issued an Order Granting the Motion to Compel Arbitration on February 1, 2012. See Docket Item No. 43. In this Order, the Court found the provisions in the arbitration clause regarding cost-splitting and attorney's fees to be unconscionable; however the Court found that those provisions may be severed from the agreement. Id. at 10:18–23. Because the current dispute relates to Plaintiff's employment, the Court concluded, the remaining provisions of the arbitration clause were applicable. Id. at 12:4–6. The Court went on to order, "Any further decisions regarding the scope of arbitration, including whether class arbitration may proceed, are left to the arbitrator." Id.

The arbitration proceedings were conducted through the American Arbitration Association ("AAA"), and heard by arbitrator Louise A. LaMothe, Esq. ("the Arbitrator"). See Pl.'s Mot. to Confirm Arbitration Award at 1–2. The Arbitrator was selected through the AAA's usual procedures, and the arbitration was held telephonically on June 20, 2012. Def.'s Mot. to Vacate at 8. During the arbitration, Defendant sought to strike the class references in Plaintiff's arbitration

2
Case No.: 5:11-CV-00530-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD;
DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD

demand so as to require Plaintiff to proceed on an individual basis only. See Aparicio Decl., Ex. L. On August 27, 2012, in a Partial Final Award on Clause Construction ("the Award"), the Arbitrator denied Defendant's motion to strike the class allegations. Id. Pursuant to the AAA's Supplementary Rule for Class Arbitrations 3, the Arbitrator stayed the proceedings for a period of 30 days to permit "any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award." Id. at 7.

On September 7, 2012, Plaintiff moved this Court to reopen the case and confirm the Award. See Docket Item No. 45. For its part, on September 21, 2012, Defendant cross-moved to vacate the Award. See Docket Item No. 47.

**II.     Standard of Review**

This case presents the issue of whether a district court may vacate a binding award of an arbitrator pursuant to the Federal Arbitration Act ("FAA"). In reviewing an award, a court must afford great deference to the arbitrator's decision as well as the interpretation of the arbitrability of the dispute. See Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc., 84 F.3d 1186, 1190 (9th Cir. 1996); see also Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 285 (9th Cir. 1989). Such deference is given even in light of the speed and informality in which arbitration can take place. See Collins v. D.R. Horton, Inc., 505 F.3d 874, 879 (9th Cir. 2007). Indeed, it is these twin advantages that are lauded by federal policy and make arbitration favorable for the many private parties in resolving their disputes. See Fairchild & Co., Inc. v. Richmond, Fredericksburg & Potomac R.R. Co., 516 F. Supp. 1305, 1313 (D.D.C. 1981); see also Madison Indus., Inc., 84 F.3d at 1190; Scherk v. Alberto–Culver Co., 417 U.S. 506 (1974) (acknowledging that the FAA "reflects a legislative recognition of the 'desirability of arbitration as an alternative to the complications of litigation.'") (quoting Wilko v. Swan, 346 U.S. 427, 431 (1953)).

In assessing cases such as the instant one, it is important to remember that "arbitration is a consensual agreement of the parties to substitute a final and binding judgment of an impartial entity

3

Case No.: 5:11-CV-00530-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD; DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD

for the judgment of the court." See Coast Trading Co. v. Pac. Molasses Co., 681 F.2d 1195, 1197 (9th Cir. 1982). The FAA itself provides limited grounds on which a federal court may vacate an arbitral award, and such awards are binding and enforceable unless the district court finds present one of the specified grounds. See 9 U.S.C. § 10; see also Kyocera Corp. v. Prudential–Bache Trade Servs., Inc., 341 F.3d 987, 994 (9th Cir. 2003) (en banc). While the FAA generally presumes that arbitration awards will be confirmed, the statute enumerates four narrow bases for vacatur:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

### III. Discussion

Defendant's argument is grounded in the fourth basis for vacatur enumerated in 9 U.S.C. § 10(a): that the Arbitrator exceeded her powers in denying Defendant's motion to strike the class. Under 9 U.S.C. § 10(a)(4), "arbitrators exceed their powers when they express a 'manifest disregard for the law,' or when they issue an award that is 'completely irrational.'" See Bosack v. Soward, 586 F.3d 1096, 1104 (9th Cir 2009); Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277, 1290 (9th Cir. 2009). "This is a high standard for vacatur: '[i]t is not enough ... to show that the panel committed an error—or even a serious error.'" Lagstein v. Certain Underwriters at Lloyd's, 607 F.3d 634, 642 (9th Cir. 2010) (quoting Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp., ––– U.S. ––––,130 S.Ct. 1758, 1767 (2010)). Indeed, "[n]either erroneous legal conclusions nor

4

Case No.: 5:11-CV-00530-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD;
DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD

unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." Bosack, 586 F.3d at 1102; see also Kyocera Corp. v. Prudential–Bache T Servs., 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (holding that "arbitrators 'exceed their powers' ... when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'").

Defendant argues when she issued the Award, the Arbitrator manifestly disregarded the relevant and applicable law—and thus she exceeded her powers. In support of this notion, Defendant argues that the Arbitrator ignored dispositive federal and state case law on class arbitration and contract interpretation. Specifically, Defendant contends that United States Supreme Court precedent requires a contractual basis to permit class arbitration, and that in this case, there was none. Defendant also argues that California contract interpretation rules establish that the Employee Agreement does not allow for class arbitration.

Under 9 U.S.C. § 10(a)(4), "'manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." Lagstein, 607 F.3d at 642. "[T]o demonstrate manifest disregard, the moving party must show that the arbitrator underst[ood] and correctly state[d] the law, but proceed[ed] to disregard the same." Bosack, 586 F.3d at 1104; Collins v. D.R. Horton, Inc., 505 F.3d 874, 879 (9th Cir. 2007). "[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." Bosack, 586 F.3d at 1104; Collins, 505 F.3d at 879. In some cases, "legally dispositive facts are so firmly established that an arbitrator cannot fail to recognize them without manifestly disregarding the law." Coutee v. Barington Capital Group, L.P., 336 F.3d 1128, 1133 (9th Cir. 2003).

In light of this highly deferential standard, the Court finds that Defendant's argument is without merit. Contrary to Defendant's contention, the Arbitrator did not ignore the federal and state law relevant to the task at hand, which was to decide whether the arbitration clause in the Employee Agreement would permit class arbitration. Rather, the Arbitrator addressed the rules and

5
Case No.: 5:11-CV-00530-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD;
DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD

case law that Defendant refers to, explicated their application, and distinguished the facts from the present case from those of other relevant and precedential cases when necessary.

For example, Defendant heavily relies on the Supreme Court decision in <u>Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.</u> in support of its position that the Arbitrator exceeded her powers. As the Arbitrator noted, <u>Stolt-Nielsen</u> requires arbitrators to find evidence that the parties agreed to class arbitration. <u>See</u> <u>Stolt-Nielsen</u>, ––– U.S. –––, 130 S.Ct. 1758, 1775 (2010) ("[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so."). The Arbitrator in this case applied that reasoning in reaching her decision: She examined the Employee Agreement and the relevant case law in reaching her conclusion that at the time the contract was entered into the parties understood that class arbitration was a possible consequence of the arbitration clause. <u>See</u> Award at 6 ("The reasonable expectations of parties entered into contracts with language such as this one with California governing law in 2004 was that there would be class arbitration of claims such as those raised in this Arbitration."). As such, she determined, there was indeed a contractual basis for concluding that the parties had agreed to the possibility of class arbitration. <u>Stolt-Nielsen</u> held that arbitrators may not infer an implicit agreement from class arbitration "solely from the fact of the parties' agreement to arbitrate." 130 S.Ct. at 1775. This is not what the Arbitrator did here. She did not rely solely on the fact of an agreement to arbitrate generally; rather, she looked to the entirety of the relevant circumstances surrounding execution of the Agreement in order to glean the understanding of the parties at the time the contract was entered into.

Additionally, as instructed by <u>Stolt-Nielsen</u>, the Arbitrator examined the applicable law governing the Agreement. In <u>Stolt-Nielsen</u>, the Supreme Court took issue with the arbitrators' wholly ignoring the applicable New York and maritime laws when it reached its decision: "[I]nstead of identifying and applying a rule of decision derived from the [Federal Arbitration Act] or either maritime or New York law, the arbitration panel imposed its own policy choice and thus exceeded its powers." 130 S.Ct. at 1770. This is not what has occurred here. In reaching her

6
Case No.: 5:11-CV-00530-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD;
DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD

decision that the Employee Agreement allows for class arbitration, the Arbitrator explored the relevant California law and policy, cited key cases and statutes, and considered Defendant's opposing arguments. Her decision was not based on "[her] own policy choice," Stolt-Nielsen, 130 S.Ct. at 1770, but rather on the "background of California law in the area of employment agreements," Award at 6. The arbitrator noted that "California state contract law favors procedural devices of class actions and class arbitrations in cases such as this one" and that "[t]he strong public policy of the state [in 2004] . . . supported class arbitration." Id.

Irrespective of what this Court—or Defendant—thinks of the merits of the Arbitrator's decision, this is not a case where there has been a "manifest disregard of the law." As noted, for an arbitrator's award to be in manifest disregard of the law, "[i]t must be clear from the record that the arbitrator [ ] recognized the applicable law and then ignored it." Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co., 44 F.3d 826, 832 (9th Cir. 1995). Defendant has failed to show that this occurred here. The Arbitrator applied the relevant case law to the facts at hand in making her determination; this is apparent from her discussion of her reasoning for the Award. Moreover, nowhere can Defendant show that the Arbitrator was aware of the law and "intentionally disregarded it." Bosack, 586 F.3d at 1104. Even if the Arbitrator erroneously applied or misunderstood the relevant law, that would not be enough to constitute a "manifest disregard of the law" such that the Arbitrator exceeded her decisionmaking authority. See Mich. Mut. Ins. Co., 44 F.3d at 832 ("'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law."). What Defendant has presented in its motion is a disagreement with the Arbitrator's decision, not a showing that she manifestly ignored the law.

### IV. Conclusion

Defendant's motion to vacate essentially takes issue with the result of the arbitration and asks this Court to sit in de novo review of the arbitration proceedings and the Arbitrator's

7

Case No.: 5:11-CV-00530-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD; DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD

determination. Because the Court's discretion is limited by the well-established standard of review of arbitration awards, the Court cannot review the determination as Defendant requests. Having found that the Arbitrator did not manifestly disregard the relevant law for the reasons explained above, the Court cannot pass judgment on the substance of the Arbitrator's decision. Accordingly, the Court cannot vacate the Award.

V.   Order

For the reasons stated above Plaintiff's motion to confirm the Arbitrator's Award is GRANTED; Defendant's motion to vacate the Award is DENIED.

**IT IS SO ORDERED.**

Dated: December 20, 2012



EDWARD J. DAVILA
United States District Judge

8
Case No.: 5:11-CV-00530-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD;
DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD